

*Law Offices of*
# PERMAN GLENN, III

Perman Glenn, III*
*Also admitted in Louisiana

*A Professional Corporation*

Nancy C. Snyeer

May 23, 2005

Paul Smyth, Asst. US Attorney
Federal Building
1550 Main Street
Springfield, MA 01103

RE:   United States v. Eddie Matos
      Criminal Action No: 05MJ 619

Dear Attorney Smyth:

Let me address these issues with you regarding my client, Mr. Matos.

1.  Regarding the two CD's that you have provided me with regards to the above captioned matter. I am having technical difficulty opening the sub parts of the items contained on the disc. Disc one, I was only able to open the second portion. As it relates to Disc two, I was unable to open any sub-sections. When I opened Disc two I was able to hear some noise and intermittent talk. I would ask that you check these discs and send me additional copies for me to review.

2.  I was able to view the videotapes that you have provided as part of the discovery on this case. I did not see or hear my client, Eddie Matos in either tape. Please correct me if I am wrong. I am requesting that you certify to me in writing that Mr. Matos is not seen or is his voice is contained on these two videotapes. It is my understanding that recent case rulings in Federal Court require that when the Government produces videotape evidence and said videotapes do no not include the Defendant, then the Government must certify that the Defendant is not in the videotapes produced as evidence.

3.  As it relates to your automatic discovery letter, you indicate that "you will provide audio tapes containing Eddie Matos as they become available". Request is hereby made for additional audio and/or video tapes that depict and/or contain Eddie Matos' voice.

4.  In addition your discovery letter also indicates that an Identification Procedure was conducted involving my client, Eddie Matos. I am requesting that you provide me with the date, time, place and nature of said procedure.

5.  With regard to the wiretap and any extensions, please provide all the wiretap tapes,

for this and related investigations.

6. In addition, please provide:
   a. All monitoring logs, synopsis reports (if applicable), and ten-day periodic reports.
   b. A list of "Coded Words and Phrases" which the government claims refers to drug or money communications.
   c. A "list of pertinent calls" as determined at the time of the interception.
   d. A breakdown by named-defendants of all of the telephone calls in which he or she participated.
   e. Additionally, please provide all inventory orders, inventories and reports or service thereof.
   f. All sealing orders contained in the miscellaneous files filed pursuant to title 18 U.S.C. §2518(8)(a). Likewise, I am requesting the unsealing of these files.
   g. All of the incidents reports, logs, notes or record (for example, DEA 6's and FBI 302's) which memorialize the government's use in this case of "normal investigative procedures" as described in the wiretap affidavits. This request includes, but is not limited to, interviews with cooperating witnesses and informants, all reports of surveillance relating to this case, reports of any efforts to introduce informants or undercover agents into the alleged organizations, reports memorializing the government's attempt to discover the members of this organization and its methods of operation, and reports of all attempts to set up controlled purchases and sales of cocaine, heroin or other controlled substances.

7. All trap & trace and pen register information in computerized (and readable) format for all telephones intercepted as a result of this investigation. Additionally, I am requesting the applications, unredacted affidavits and orders for such interception. Further, I am requesting the unsealing of the miscellaneous court files which contain these documents.

8. All unredacted search warrant affidavits, warrants and returns issued in these investigations, and in the related state investigations. Likewise, I am requesting the unsealing of these files.

9. The date, time and place of every occasion on which a surveillance, mail cover, search and/or seizure, whether electronic, photographic, videotape, mechanical, visual, oral, or any other type, was made of any defendant, their residences, any person or entity associated with them, together with all documents, photographs, recordings or other material resulting from, or reflecting, or relating to, such occasion, including but not limited to unredacted affidavits and warrants utilized in connection therewith.

10. Any statements as to whether or not, during the course of the investigation of this matter, the defendants photography likeness or image was exhibited to anyone. This request includes a list of the date(s), time(s) and place(s) of each such occurrence, and the name(s) of the person(s), including counsel who were present.

11. A written list of names, addresses and qualifications of all experts the government intends to call as witnesses at trial, including but not limited to law enforcement officers, together with all reports made by such experts or, if reports have not been made, a brief description of the opinion and subject matter to which each is to testify.

12. The defendant further request all information to which he is entitled pursuant to 18 U.S.C.§3500 or Rule 26.2 of the Federal Rules of Criminal Procedure.

Please feel free to contact me to discuss any of the issues which I have noted above.

Sincerely,

Perman Glenn, III

Enclosure

cc:  Mark Mastrioni, Esquire
     Clerk's Office