UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Action No.: 05-30012 |
| | ) |
| EDDIE MATOS | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO SUPRESS STATEMENTS AND OTHER EVIDENCE, POINTS, AND AUTHORITIES**

**INTRODUCTION**

The Defendant, Eddie Matos, respectfully moves this Court to suppress as evidence against him in the prosecution's case-in-chief, as rebuttal evidence, or as impeachment evidence, all statements of any nature obtained from him by government agents as well as other evidence derived thereof.

On or about March 3, 2005, the Defendant was taken into custody, pursuant to an arrest warrant issued out of the United States District Court for the District of Massachusetts, by the Springfield Police Department, assisted by the Springfield Massachusetts Task Force and the Local DEA. During this time, he was detained by the aforementioned government agents first in a cruiser and then in a Ford Explorer and not free to leave.

While he was in the custody of the agents, the Defendant purportedly made a statement. The alleged statement was involuntarily made by the Defendant without the benefit of any Miranda warnings being read to him by any of the law enforcement agents who held him in custody. As a result, the Defendant moves to suppress any and all statements and other evidence, points, and authorities obtained from such statements. The police officers also made false promises of leniency to the Defendant in order to induce him to make inculpatory

statements. Eddie Matos signed the statement that the officer wrote but never read it. He was under the influence of Marijuana and scared. He didn't realize until he was locked up that the statement he signed contained things that he did not say and didn't accurately convey what was said by him in the Explorer. The statement they took from Eddie Matos was not preserved in any way such as being taped or recorded.

## ARGUMENT

**1.     The Defendant's Statements Were Not Voluntarily Made**

The Defendant's statements after he was taken into custody by law enforcement officials were not the product of a knowingly and intelligent waiver of his 5th Amendment Privilege against Self-Incrimination and as such the statements should be suppressed from evidence as they were not voluntary. Clearly Eddie Matos was in the custody of the federal authorities when his statement was alleged to have been voluntarily made. The prosecution bears the burden of showing voluntariness. See Colorado v. Connelly, 479 U.S. 157, 163 (1986).

A critical issue is whether the conduct of law enforcement officials "was such as to overbear [the accused's] will to resist and bring about confessions not freely self-determined." Rogers v. Richmond, 365 U.S. 534, 544 (1961); see also Green v. Scully, 850 F.2d 894, 900 (2d Cir. 1988) (holding that the critical issue is whether "the confession [is] the product of an essentially free and unconstrained choice by its maker?"). In applying this analysis, no one factor is dispositive; instead, the assessment must be based upon the totality of the circumstances. See United States v. Bye, 919 F.2d 6, 9 (2d Cir. 1990); Green, 850 F.2d at 901. The inquiry centers around "(1) the characteristics of the accused, (2) the conditions of interrogation, and (3) the conduct of law enforcement officials." Green, 850 F.2d at 901-02. More specifically, relevant factors include "the accused's age, his lack of education or low

2

intelligence, the failure to give Miranda warnings, the length of detention, the nature of the interrogation, and any use of physical punishment." Campaniera v. Reid, 891 F.2d 1014, 1020 (2d Cir. 1989); see also United States v. Guarno, 819 F.2d 28, 30 (2d Cir. 1987). In the following matter, the surrounding circumstances support that the Defendant's contention that the statements were not the product of a voluntary waiver of his 5th Amendment rights.

First, law enforcement officials failed to give the Defendant his "Miranda Warnings" in their entirety. In Miranda v. Arizona, the Supreme Court established procedural safeguards, commonly known as the "Miranda Warnings," which apply in situations where the defendant is subjected to custodial interrogation by the police. Miranda v. Arizona, 384 U.S. 436 (1966). The Court has said that these safeguards are "not themselves rights protected by the Constitution but [are] instead measures to insure that the right against compulsory self-incrimination [is] protected." Michigan v. Tucker, 417 U.S. 433, 444 (1974). Further, "[t]he prophylactic rule of Miranda sweeps more broadly than the Fifth Amendment itself . . . and requires the suppression of some confessions that, while perhaps not actually involuntary, were obtained in the presumptively coercive environment of police custody." Tankleff, 135 F.3d at 242. Nevertheless, the Miranda rule is constitutionally based and may not be overruled by statute. See Dickerson v. United States, 530 U.S. 428 (2000).

Miranda requires that the police inform a defendant, before questioning, that "he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." Miranda, 384 U.S. at 478-79. A precise recitation of the language of the Miranda opinion is not required, so long as the warnings given adequately convey the substance of these rights to the defendant. See California v.

Prysock, 453 U.S. 355, 359-61 (1981). A failure to expressly inform defendants that they may have an attorney present during questioning is not fatal when the warnings given, taken as a whole, make this right clear. See United States v. Burns, 684 F.2d 1066, 1074-75 (2d Cir. 1982); United States v. Lamia, 429 F.2d 373, 376-77 (2d Cir. 1970); see also Duckworth v. Eagan, 492 U.S. 195, 203-04 (1989) (written form adequately informed defendant of his right to have attorney present during questioning even though it stated that attorney would be appointed "if and when you go to court"). Additionally, the United States Court of Appeals for the Third Circuit has recognized that a challenge to the adequacy of Miranda warnings involves "a hybrid question of law and fact." United States v. Fraction, 795 F.2d 12, 14 (3d Cir. 1986); see also United States v. Cruz, 910 F.2d 1072, 1078 (3d Cir. 1990), cert. denied, 111 S.Ct 709 (1991).

In the instant case, unlike the situations in Duckworth and Cruz, the Defendant was not given his "Miranda Warnings." The omissions of these warnings are far more critical than the mere jumbling of words which occurred in Cruz and resulted in the significant deprivation of the Defendant's privilege against self-incrimination. Such a serious omission was clearly not contemplated by the Supreme Court in Duckworth and, accordingly, all subsequent statements made by the Defendant should be suppressed from evidence.

For the "Miranda Warnings" requirements to be triggered, the defendant must be subjected to "custodial interrogation." Illinois v. Perkins, 496 U.S. 292, 296 (1990) (undercover officer posing as an inmate need not give Miranda warnings before posing questions to another inmate). Thus, warnings are not required where "[t]he essential ingredients of a 'police-dominated atmosphere' and compulsion are not present." Id.; see also Alexander v. Connecticut, 917 F.2d 747, 750-51 (2d Cir. 1990) (Miranda warnings not required where incarcerated defendant confessed to friend working as police informant); United States v. Willoughby, 860

4

F.2d 15, 23-24 (2d Cir. 1988); but see Estelle v. Smith, 451 U.S. 454, 466-69 (1981) (Miranda warnings required for interview in prison by court-appointed psychiatrist to assess defendant's future dangerousness for capital sentencing). The issues of whether a suspect is "in custody" and subjected to "interrogation" for Miranda purposes are analyzed separately.

The Defendant was in the custody of the federal authorities when all of the above-referenced statements were made and should have been apprised of his Miranda warnings prior to any questioning by law enforcement agents. Miranda, 384 U.S. 436 (1966). The requirement that "Miranda Warnings" be given before custodial interrogation provides "practical reinforcement" for the Fifth Amendment right against self-incrimination. New York v. Quarles, 467 U.S. 649, 654 (1984). Therefore, the Defendant's statements to the law enforcement authorities must be suppressed because they were given in a custodial setting and without the benefit of Miranda warnings. Oregon v. Elstad, 470 U.S. 298, 309 (1985).

The Defendant was also subject to interrogation when the statements were made. The Defendant, Eddie Matos was forcibly taken from his car to a cruiser and then to a Ford Explorer where he at one point or another was in the presence of many law enforcement officers including police officers and federal agents. These law enforcement officers repeatedly and relentlessly berated the Defendant to tell the truth. They told him that if he didn't cooperate he would be facing 30 years in prison. The defendant's interrogation lasted over an hour and a half. The defendant was under the influence of marijuana according to Eddie Matos, he was "blasted". Under these circumstances, and in light of the fact that the Defendant was not fully advised of his Miranda warnings, the statements made by the Defendant cannot be said to have been voluntary. Furthermore, the Third Circuit has recognized that unduly lengthy interrogations may suggest that a statement was given involuntarily. United States v. Johnson, 816 F.2d 918, 922 (3d Cir.

1987). The Defendant was detained for a long period of time; and this factor, coupled with the others described above, requires the suppression of the unlawfully elicited statements.

2.      **Promises of Leniency or Threats of Additional Prosecution.**

The Defendant's statements may have been obtained through the use of deceit, direct and/or implied promises, and improper inducement by law enforcement officers. The Supreme Court of the United States has noted that "a confession, in order to be admissible, must be free and voluntary; that is . . . not obtained by any direct and implied promises, however slight." Shotwell Mfg. Co. v. United States, 371 U.S. 341, 347 (1963) (quoting Bram v. United States, 168 U.S. 532, 542-43 (1897)).

Promises of leniency or threats of additional prosecution constitute psychological "coercion" so that statements made in response thereto are involuntary. See Harris v. Beto, 367 F.2d 567, 568 (5th Cir. 1966); United States v. Powe, 591 F.2d 833 (D.C.Cir.1978). Indeed, a confession has been found involuntary where the defendant had a reasonable belief that the police had made a promise of leniency, even where no such promise was actually made. United States v. Harris, 301 F. Supp. 996 (E.D.Wis.1969).

Mr. Matos informed the police many times he was pleading the fifth and refused to give a statement. At a later point and time another federal agent or police officer came to the Ford Explorer began "persuading" Eddie Matos to give a statement. The officer began by telling Eddie Matos that "he had a good friend". The officer informed Eddie Matos that his friend Luis Zayas had confessed that all the guns and drugs were his own and that he put all that stuff in Eddie Matos's home because of his fear of an impending raid. The police proceeded to tell the Defendant, Eddie Matos, that Zayas had accepted responsibility for the guns and drugs and to "simply come clean". They indicated that they were not interested in him as a Defendant but

6

were interested in Zayas only. They told him if he just gave a statement he would be fine and would walk away with probation, if he just told them everything he knew about Zayas.

3. **The Defendant Was Denied His Sixth Amendment Right to Counsel During His Interrogation and Therefore All Statements Should Be Suppressed.**

As discussed above, the Defendant was never advised of his right to have counsel appointed to him if he could not afford one. The Supreme Court has long since recognized that the "guiding hand of counsel" is essential to advise an accused of his rights in a delicate situation, i.e., interrogation. Powell v. Alabama, 287 U.S. 45, 69 (1932). In fact, the Court has held that the interrogation stage of a criminal prosecution was the stage when legal aid and advice were the most critical to an accused. Messiah v. United States, 377 U.S. 201, 204 (1964). There is no doubt that, in the instant case, the Defendant was not a mere suspect at the time he was apprehended and that he had become the accused before any law enforcement interrogation began. Thus, due to the failure of law enforcement officials to give the Defendant his "Miranda Warnings" the Defendant was never advised of his right to counsel violating his 5th and 6th Amendment right in the process. As a result, the statements obtained during the interrogation and the evidence derived as a result should be suppressed.

4. **The interrogation and the taking of the statement was never preserved by the law enforcement agents.**

The only evidence of what the Defendant actually said is a statement written by Special Agent Michael P. Curran. The defendant agrees he signed the statement, however, he says that he was high at the time and that he never read the statement before he signed it. The party with the burden of proof in this case chose not to preserve evidence of what transpired in the Explorer

7

at the time the statement was alleged to have been taken. The statement was not preserved in any reliable form such as having it recorded or video taped.

5. **The Statement Was the Product of an Unconstitutionally Prolonged Detention without Presentation to a Judicial Officer**

The Fourth Amendment to the United States Constitution requires that a person arrested without a warrant be taken before a judicial officer for a probable cause determination promptly following the arrest. Gerstein v. Pugh, 420 U.S. 103, 113-114 (1975). Anything more than a brief delay necessary to permit the arresting officer "to take the administrative steps incident to arrest" is constitutionally impermissible. Id. This constitutional protection is also required by Fed.R.Crim.P.Rule5(a).

This provision is "responsive both to the fear of administrative detention without probable cause and to the known risk of opportunity for third-degree practices which is allowed by delayed judicial examination". Culombe v. Connecticut, 367 U.S. 568, 584-585 (1961). Failure to comply with the federal rule requiring prompt presentation before a magistrate after arrest requires suppression of the statement. See, McNabb v. United States, 318 U.S. 332 (1943); Mallory v. United States, 354 U.S. 448 (1957).

Under Taylor v. Alabama, 457 U.S. 687 (1982); Dunaway v. New York, 442 U.S. 200, 212-213 (1979), and Brown v. Illinois, 422 U.S. 590, 603-04 (1975), defendant's confession should be suppressed as the fruit of illegal police conduct.

## CONCLUSION

WHEREFORE, for the foregoing and such other reasons as may appear to the Court at an evidentiary hearing, the Defendant prays that the statements obtained from him be suppressed from evidence.

        Respectfully submitted,
        Eddie Matos
        By His Attorney:

        /s/ Perman Glenn, III
        Perman Glenn, III
        The Law Offices of Perman Glenn, III
        1163 Main Street
        Springfield, MA  01103
        (413) 734-9955
        BBO#:  553724

Date: June 16, 2006