UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.        ) | Criminal Action No. 05-30012 |
| ) | |
| LUIS ZAYAS  and       ) | |
| EDDIE MATOS        ) | |

## UNITED STATES' ASSENTED-TO MOTION TO CORRECT THE INDICTMENT

The United States hereby moves for leave to correct several typographical errors in the indictment in this case. The above-described error is purely a typographical / ministerial error which neither affects the substance, nor notice to the defendant, of the crime charged (being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1)). See e.g., United States v. Rivera-Ruiz, 244 F.3d 263, 271 (1st Cir. 2001)(upholding correction of clerical error in indictment, noting correction did not deprive defendant of notice of the charge against him); United States v. Dhinsa, 243 F.3d 635, 667 (2d Cir. 2001)(indictment may be amended without resubmission to grand jury to effect ministerial change, such as to correct misnomer or typographical errors); United States v. Stapleton, 271 F. Supp. 59 (E.D. Tenn. 1967)(incorrect date of offense on indictment could be amended judicially since this would not mislead or prejudice defendant in any degree nor affect any substantial right of defendant).

Count Seven of the indictment, which alleges use of firearms in furtherance of drug trafficking crimes, makes reference to three counts as the drug trafficking predicate crimes, Counts One, Four and Seven. The indictment also describes the conduct that constitutes the drug trafficking crime for each of these three counts.

It is clear from that description, and from a reading of the entire indictment, that the reference in Count Seven to the conspiracy to distribute and to possess with intent to distribute

marijuana is intended as a reference to **Count Six** and not to Count Seven, which is the possession of a firearm in furtherance of a drug trafficking crime charge. It would make no sense for Count Seven to refer back to itself in this manner.

In addition, Count Seven incorrectly references Title 18, United States Code, Sections 921(a)(30) and Section 924(c)(1)(B)(i). These sections defined a semi-automatic assault rifle and set forth a ten year mandatory minimum period of incarceration for possession of such a weapon in furtherance of a drug trafficking crime. The assault weapons ban, as it is commonly referred to, expired by statutory provision on September 13, 2004, ten years after enactment.[1] Since Count Seven alleges that the crime occurred on or about March 3, 2005, these references are inappropriate and should be stricken as surplusage. Defendants are subject not to a ten year mandatory minimum for the Section 924(c) charge, but only a five year mandatory minimum.

Finally, Count Seven refers to the drug charged in Count One as cocaine, when Count One actually charges cocaine base. Since cocaine base is one form of cocaine, and Count One makes it clear that the charge is for the specific form of cocaine which is cocaine base, this is also a minor typographical correction.

Therefore, the United States seeks leave to substitute a corrected Count Seven in the form attached hereto. Because: (i) the predicate act reference is made clear by both logic and the description of the predicate; (ii) the correction regarding the stricken assault rifle provision is favorable to the defendants; and (iii) the correction regarding cocaine base is a mere typographical omission, no prejudice from these corrections could fall upon defendants. Indeed,

---

[1] Pub. L. 103-322, Title XI, § 110105, September 13, 1994, provided that: "This subtitle [amending sections 921, 922, 923 and 924 of this title... are repealed effective as of the date that is 10 years after that date [date of enactment, September 13, 1994]."

both defendants have assented to this motion.[2]

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN,
                                    United States Attorney

By:   /s/ thomas e. kanwit
        Thomas E. Kanwit
        Assistant U.S. Attorney
        Joseph J. Moakley U.S. Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3100

June 5, 2007

---

[2] If both defendants plead guilty to all counts of the indictment with which they are charged except for the 18 U.S.C. § 924 (c) charge, as they have indicated they will do, the government expects that a redacted version of the indictment would be submitted to the jury.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 05-30012 |
|  | ) | VIOLATIONS: |
|  | ) |  |
|  | ) | 21 U.S.C. § 841(a)(1) - |
|  | ) | Possession with Intent To |
|  | ) | Distribute Crack Cocaine (Count |
|  | ) | One) |
|  | ) |  |
|  | ) | 21 U.S.C. § 841(a)(1) - |
|  | ) | Distribution of Crack Cocaine |
|  | ) | (Counts Two and Three) |
|  | ) |  |
|  | ) | 21 U.S.C. § 846 - |
|  | ) | Conspiracy to Distribute and |
|  | ) | Possess with Intent To |
|  | ) | Distribute Cocaine (Count Four) |
|  | ) |  |
|  | ) | 21 U.S.C. § 841(a)(1) - |
|  | ) | Possession with Intent To |
|  | ) | Distribute Marijuana (Count |
| v. | ) | Five) |
|  | ) |  |
|  | ) | 21 U.S.C. § 846 - |
|  | ) | Conspiracy to Distribute and |
|  | ) | Possess with Intent To |
|  | ) | Distribute Marijuana (Count Six) |
|  | ) |  |
|  | ) | 18 U.S.C. §924 (c)(1)(a) - |
|  | ) | Possession of a Firearm in |
|  | ) | Furtherance of a Drug |
|  | ) | Trafficking Crime (Count Seven) |
|  | ) |  |
|  | ) | 18 U.S.C. §922(g)(1) - |
| LUIS ZAYAS, and | ) | Possession of a Firearm and |
|  | ) | Ammunition by a Convicted Felon |
| EDDIE MATOS, | ) | (Count Eight) |
|  | ) |  |
| Defendants | ) | 18 U.S.C. § 2 - |
|  | ) | Aiding and Abetting |

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE:**   Title 21, United States Code, Section 841(a)(1) -
Possession with the Intent to Distribute Cocaine

**Base; Title 18, United States Code, Section 2, Aiding and Abetting**

1. On or about March 3, 2005, in Hampden County, in the District of Massachusetts,

**Luis Zayas,**

**and**

**Eddie Matos**

Defendants herein, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II controlled substance.

The possession with the intent to distribute cocaine base described in Count One of the Indictment involved fifty grams or more of a mixture or substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II Controlled Substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(iii) applies to Count One.

All in violation of Title 21, United States Code, Section 841(a)(1); and Title 18, United States Code, Section 2.

**COUNT TWO:**      **Title 21, United States Code, Section 841(a)(1) - Possession with the Intent to Distribute, and Distribution of, Cocaine Base; Title 18, United States Code, Section 2, Aiding and Abetting**

    1.   On or about November 30, 2004, in Hampden County, in the District of Massachusetts,

**Eddie Matos**

Defendant herein, did knowingly and intentionally possess with intent to distribute and distribute a mixture or substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II controlled substance.

    All in violation of Title 21, United States Code, Section 841(a)(1); and Title 18, United States Code, Section 2.

**COUNT THREE:**   Title 21, United States Code, Section 841(a)(1) - Possession with the Intent to Distribute, and Distribution of, Cocaine Base; Title 18, United States Code, Section 2, Aiding and Abetting

    1.   On or about February 24, 2005, in Hampden County, in the District of Massachusetts,

**LUIS ZAYAS**

Defendant herein, did knowingly and intentionally possess with intent to distribute and distribute a mixture or substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II controlled substance.

    All in violation of Title 21, United States Code, Section 841(a)(1); and Title 18, United States Code, Section 2.

**COUNT FOUR:**     Title 21, United States Code, Section 846 -
Conspiracy to Possess with Intent to Distribute
and to Distribute Cocaine Base

Beginning at a time unknown to the Grand Jury, but no later than November 30, 2004, and continuing until March 3, 2005, in Springfield, Massachusetts,

**Luis Zayas,**

**and**

**Eddie Matos,**

Defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other, and others known and unknown, to commit an offense against the United States, namely to possess with intent to distribute and to distribute a quantity of a mixture or substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

The conspiracy to distribute and possess with the intent to distribute cocaine base described in Count Four of the Indictment involved fifty grams or more of a mixture or substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II Controlled Substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(iii) applies to Count Four.

All in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

**COUNT FIVE:**     **Title 21, United States Code, Section 841(a)(1) -
             Possession with the Intent to Distribute
             Marijuana; Title 18, United States
             Code, Section 2, Aiding and Abetting**

   1.   On or about March 3, 2005, in Hampden County, in the District of Massachusetts,

**Luis Zayas,**

**and**

**Eddie Matos,**

Defendants herein, did knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

   All in violation of Title 21, United States Code, Section 841(a)(1); and Title 18, United States Code, Section 2.

**COUNT SIX:**     **Title 21, United States Code, Section 846 -
               Conspiracy to Possess with Intent to Distribute
               and to Distribute Marijuana**

Beginning at a time unknown to the Grand Jury, but no later than November 30, 2004, and continuing until March 3, 2005, in Springfield, Massachusetts,

**Luis Zayas,**

**and**

**Eddie Matos,**

Defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other, and known and unknown others, to commit an offense against the United States, namely to possess with intent to distribute and to distribute a quantity of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

**COUNT SEVEN:** Title 18, United States Code, Section 924(c) - Possession of a Firearm in Furtherance of a Drug Trafficking Crime; Title 18, United States Code, Section 2, Aiding and Abetting

1. On or about March 3, 2005, in Springfield, Massachusetts,

**Luis Zayas,**

and

**Eddie Matos,**

Defendants herein, did knowingly and intentionally, use and possess, the following firearms,

1. Colt AR-15 Semiautomatic Assault Rifle (serial number SP308134)

2. Phoenix Arms .25 Caliber Pistol (serial number 3174623)

3. Taurus International .45 Caliber Pistol (serial number NUJ96968)

in furtherance of a drug trafficking crime, namely, (1) Possession with Intent to Distribute Cocaine Base, in violation of Title 21, United States Code, Section 841(a)(1) as set forth in Count One of this indictment; (2) Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine Base, in violation of Title 21, United States Code, Section 846, as set forth in Count Four of this indictment; and (3) Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana, in violation of Title 21, United States Code, Section 846, as set forth in Count Six of this indictment.

All in violation of Title 18, United States Code, Section 924(c)(1), and Title 18, United States Code, Section 2.

**COUNT EIGHT:**   Title 18, United States Code, Section 922(g)(1) - Possession of a Firearm and Ammunition by a Convicted Felon

On or about March 3, 2005, in Hampden County, in the District of Massachusetts,

**LUIS ZAYAS,**

defendant herein, having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly did possess, in or affecting interstate commerce, the following firearms and ammunition:

1. Colt AR-15 Semiautomatic Assault Rifle (serial number SP308134)

2. Phoenix Arms .25 Caliber Pistol (serial number 3174623)

3. Taurus International .45 Caliber Pistol (serial number NUJ96968)

4. 12 gauge Remington Shotgun Shell

5. American Eagle .25 caliber ammunition

6. Smith and Wesson .40 caliber ammunition

7. Remington .223 caliber ammunition

All in violation of Title 18, United States Code, Section 922(g)(1).

**FORFEITURE ALLEGATION**
(21 U.S.C. § 853)

The Grand Jury further charges that:

1. As a result of the offenses alleged in Counts One, Three, Four, Five, and Six of this Indictment,

**LUIS ZAYAS,**

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offenses, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses including, but not limited to, the following:

    (a) $1,602.00 in United States Currency;
    (b) 2001 Chevrolet Silverado Pick-up truck, VIN 1GCEK19V41E215437

2. If any of the properties described in paragraph 1, above, as a result of any act or omission of the defendant –

    (a) cannot be located upon the exercise of due diligence;
    (b) has been transferred or sold to, or deposited with, a third party;
    (c) has been placed beyond the jurisdiction of the Court;
    (d) has been substantially diminished in value; or
    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section

853.

                              A TRUE BILL

                                              _____

                                              FOREPERSON OF THE GRAND JURY

_____
Assistant United States Attorney


DISTRICT OF MASSACHUSETTS: _____, 2005

Returned into the District Court by the Grand Jurors and filed.

                                              _____

                                              DEPUTY CLERK OF THE COURT