UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v. ] | No. 05-30012 |
| ] | |
| LUIS ZAYAS, and ] | |
| EDDIE MATOS ] | |

**GOVERNMENT'S REQUEST FOR ADDITIONAL *VOIR DIRE* QUESTION**

The United States hereby requests that additional voir dire questions be posed to the jury pool, pursuant to Fed. R. Crim. P. Rule 24(a), pertaining to any potential juror's fluency in Spanish and, if fluent, their ability to faithfully follow the evidence admitted in this case.

This case involves recorded conversations occurring in both Spanish and English, which were then translated by Court-certified translators. If one or more jurors are (a) fluent in Spanish, and (b) find themselves unable to defer to the stipulated translations admitted into evidence, there is the severe risk that during deliberations they will follow their own interpretation of the recordings (or the Spanish portions of the transcripts) instead of the interpretations that are actually evidence in the case. These jurors would also exercise undue influence over the deliberations of their non-Spanish speaking colleagues.

Moreover, the Court would have no way of knowing whether such a juror was sufficiently fluent in Spanish to *correctly* interpret the recordings or transcripts, thus creating the risk that, not only would the juror unduly influence deliberations, he or she would unwittingly mislead the rest of the jury about what the evidence actually is.

The government submits that the Court should first identify any Spanish-speaking jurors

in the jury pool and then, during individual voir dire, inquire as to their ability and willingness to follow the evidence in this case instead of any independent translation of their own. This process will better enable the parties and the Court to assess whether any such person should be kept in the jury pool.

The process should apply to all potential jurors who are fluent in Spanish, regardless of their race or ethnicity, and no potential juror should be struck merely because he or she is a Spanish speaker. *See, e.g., Hernandez v. New York*, 500 U.S. 352 (1991) (affirming rejection of *Batson* challenge where prosecutor sought to strike Spanish-speaking jurors because of risk that they would not defer to court interpreter's translation of testimony given by Spanish-speaking witnesses). The government also notes that, while the defendants both appear to be Hispanic, the government's key witness, Edrick Santos, is Hispanic as well. *See id.* at 369 - 70 (noting that, among reasons lower court credited government's race-neutral explanation, "the ethnicity of the victims and prosecution witnesses tended to undercut any motive to exclude Latinos from the jury").

      Respectfully submitted,

      MICHAEL J. SULLIVAN
      United States Attorney

By:   */s/ Thomas E. Kanwit*
      THOMAS E. KANWIT
      Assistant U.S. Attorney

Date:   June 5, 2007