# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No.: 05-30012 |
| | ) | |
| EDDIE MATOS | ) | |
|     Defendant | ) | |

## DEFENDANT'S MOTION IN LIMINE TO PRECLUDE 404(b) EVIDENCE

NOW COMES the Defendant, Eddie Matos, through counsel, and respectfully moves this Honorable Court to issue an Order precluding the Government from presenting specific evidence to the jury pursuant to Fed.R.Evid., Rule 404(b). In support thereof, counsel states as follows:

1. In the instant case, the Defendant is charged with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924 (c) (1) (a) as well as aiding and abetting same under 18 U.S.C. § 2.

2. The government has indicated that it will use a confidential informer, E.S., as a witness in its case in chief. Any and all testimony that this witness may provide must be excluded from this case.

3. The record indicates that this witness will testify as to his alleged "controlled" drug purchases from the defendant pursuant to Fed.R.Evid., Rule 404(b). It also indicates that this witness will testify as to other drug transactions allegedly involving the Defendant.

4. It is respectfully submitted that this evidence is not properly admissible under Rule 404(b) because it is not relevant to any issue before this Court.

5. Furthermore *any* recording or other account including but not limited to other purported eyewitness accounts of this alleged conduct must also be excluded for this same reason. This includes any investigative reports, tangible items, evidence seized, laboratory reports, testimony, prior adjudications or any other

1

substantive evidence offered to indicate, signify, insinuate, imply or suggest facts alleging prior wrongs or crimes, adjudicated or otherwise, on the part of the defendant.

6. Assuming *arguendo* that said evidence is relevant, its probative value is substantially outweighed by the danger of unfair prejudice to the Defendant and, as such, is not admissible under Fed.R.Evid., Rule 403.

7. This Court's attention is respectfully directed to the Memorandum of Law filed herewith.

WHEREFORE, this Court is respectfully urged to issue an Order precluding the Government from offering evidence of other conduct, pursuant to Fed.R.Evid., Rule 404(b).

                                        Respectfully submitted
                                        The Defendant, Eddie Matos
                                        By his Attorney,

                                        /s/ Perman Glenn, III

                                        Perman Glenn, III
                                        Law Offices of Perman Glenn, III
                                        1163 Main Street
                                        Springfield, MA 01103
                                        (413) 734-9955
                                        BBO # 553724

Dated: June 6, 2007

|                              |   |                                  |
|------------------------------|---|----------------------------------|
| UNITED STATES OF AMERICA     | ) |                                  |
| v.                           | ) | Criminal Action No.: 05-30012    |
| EDDIE MATOS                  | ) |                                  |
|    Defendant  | ) |                                  |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF 404(b) EVIDENCE

### INTRODUCTION

The Defendant, Eddie Matos is charged in the instant indictment with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924 (c) (1) (a) and aiding abetting same under 18 U.S.C. §2. The Government notified the Defendants in writing of its intent to use certain evidence at trial against the Defendant, presumably pursuant to Fed.R.Evid. 404(b). This evidence consists of testimony from a confidential witness allegedly making "controlled" drug purchases and the investigative reports and accounts stemming there from. Presumably, this evidence will be offered under Rule 404(b) to show the Defendant's alleged history of illegal activity, specifically drug dealing.

The Federal Rules of Evidence provide for certain exceptions to the general rule that character evidence is not admissible to prove conduct at trial. Rule 404(b) provides that:

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action and conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused the prosecution in a criminal case should provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The United States Supreme Court has held that the Government is required, prior to submitting Rule 404(b) evidence to the jury, to demonstrate its probative value as part of its burden of proving the existence of essential facts upon which the relevance of the evidence hinges. Huddleston v. United States, 485 U.S. 681, 108 S.Ct. 1496, 1499 (1988). Further, the Court stated that a trial court may admit evidence of extrinsic acts under Rule 404(b), provided "there is sufficient evidence to support a finding by the jury that the defendant committed the similar act." Id.

The United States Court of Appeals for the First Circuit has held that the use of 404(b) evidence is not limited to those uses listed in the rule, provided the trial court determines: (1) that the proffered evidence is relevant to some issue other than the issue of the defendant's character; and (2) that the evidence, if relevant, is not more prejudicial than probative. United States v. Walters, 904 F.2d 765, 768 (1st Cir. 1990); United States

v. Fields, 871 F.2d 188, 196 (1st Cir. 1989), cert. denied, 110 S.Ct. 369 (1989); United States v. Flores-Perez, 849 F.2d 1, 4 (1st Cir. 1988).

The initial question facing the trial court is whether the proffered evidence is relevant to any issue other than illustrating the defendant's bad character. United States v. Walters, 904 F.2d at 768. The Government may not offer evidence of a defendant's bad acts or other crimes for the purpose of showing criminal propensity or bad character. United States v. Johnson, 893 F.2d 451, 453 (1st Cir. 1990); United States v. Simon, 842 F.2d 552, 553 (1st Cir. 1988); United States v. Rubino Estrada, 857 F.2d 845, 847 (1st Cir. 1988).

Evidence is relevant if it has the tendency to make the existence of any fact that is of consequence to the resolution of the matter more probable or less probable than it would be without the evidence. Fed.R.Evid. 401; United States v. Walters, *supra,* at 768. In the instant case, the proffered evidence that an individual allegedly witnessed and partook in a drug transaction involving the defendant along with any recording or account of the alleged incidences is wholly irrelevant to the matter at hand.

Firs the government must show that the defendant actually or constructively possessed any such weapon. Then the government must show a utilitarian nexus between the guns allegedly possessed and the crime of drug trafficking. This Circuit has said that the government must prove the weapon was "possessed to advance or promote the commission of the underlying offense." United States v. Grace, 367 F.3d 29, 35 (1st Cir. 2004). All evidence stemming from this confidential witnesses' participation in the investigation of the Defendant is wholly irrelevant to proof of these elements of the charged crime and therefore must be excluded under Rule 404(b). Moreover, to borrow a

3

metaphor, the resulting investigative reports and accounts of investigators of these alleged events are fruit from this irrelevant tree and therefore must also be excluded.

Assuming *arguendo* that this Court determines that such evidence has relevance to an issue to be decided by the jury, it is further submitted that any probative value of this evidence is outweighed by its prejudicial effect on the Defendant. If this evidence of other acts is relevant for a proper purpose under Rule 404(b), the district court must balance the probative value of the evidence against any danger to the defendant of unfair prejudice. United States v. Johnson, 893 F.2d at 453; United States v. Fields, 871 F.2d at 196; Fed.R.Evid. 403. Certainly, if the Defendant were charged with a crime relating to the alleged *specific* transactions with the confidential witness, the prejudicial effect of such evidence of other misconduct regarding such transactions would be outweighed by its probative value. *See* United States v. Orr, 864 F.2d 1505, 1510 (10th Cir. 1988); United States v. Bowman, 602 F.2d 160, 163– 164 (8th Cir. 1979). However, in the instant case, the issue facing the jury does not relate to any of these alleged drug transactions engaged in by the Defendant. In fact, the real issue for the jury is whether the Defendant actually or constructively possessed the weapons and, if so were they possessed in furtherance of the underlying offense. Therefore, the prejudicial effect of any alleged misconduct on the part of the Defendant in relation these alleged transactions would be substantial given the distinct nature of the questions facing the jury and the distinct dissimilarity between the proffered 404(b) evidence and those issues.

With regard to any other account, written, recorded or otherwise of these alleged transactions they must also be excluded. Once again, the relatively minor probative value of such evidence is clearly outweighed by its prejudicial impact on the Defendant.

4

Based on the foregoing arguments and authorities, this Court is respectfully urged to allow Defendant's Motion in Limine and issue an Order precluding the Government from offering the proffered evidence pursuant to Rule 404(b).

                                Respectfully submitted
                                The Defendant, Eddie Matos
                                By his Attorney,

                                /s/ Perman Glenn, III

                                Perman Glenn, III
                                Law Offices of Perman Glenn, III
                                1163 Main Street
                                Springfield, MA 01103
                                (413) 734-9955
                                BBO # 553724

Dated: June 6, 2007