UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | )  Criminal Action No.: 05-30012 |
| | ) |
| **EDDIE MATOS** | ) |
|     **Defendant** | ) |

**DEFENDANT'S PROPOSED INDIVIDUAL VOIR DIRE QUESTIONS**

Now comes the Defendant, and moves for an individual voir dire of each member of the venire panel. The specific questions, which should be asked of each member of the panel, are as follows:

1. Are any of you friends or relatives of law enforcement officers?
2. Would you tend to believe and/or credit the testimony of a law enforcement officer simply because of their position and for no other reason?
3. Do you feel that the observations and/or opinions of law enforcement officers are more trustworthy and reliable simply because of their position and for no other reason?
4. Are any of your friends or relative lawyers or related to lawyers?
5. Have you or any of your friends or relatives served on a jury before?
6. You are aware that the defendant has been arrested or he would not be here, do you feel that because he was arrested that he must be guilty of something?
7. Under the law, the defendant is innocent until proven guilty. Do you feel that you can accept that, or do you feel that because he was arrested and is here, he starts out with a couple of strikes against him?
8. The government has filed an indictment against the defendant. The indictment claims that the defendant did something. The fact that the government has field this indictment is not proof that the defendant is guilty, do you understand that?
9. The government has the burden of proving that the defendant did what they allege, and the defendant does not have to prove that he did not commit the offense, do you understand and think that this is a fair system?
10. The government must prove the defendant's beyond a reasonable doubt before he can be found guilty, do you understand that?

11. If after you have heard all the evidence, you decided that there was a reasonable doubt, could you vote not guilty even though this case involves guns and drugs?
12. Would you feel that a juror would be doing something wring by voting not guilty in a case like this?
13. What if you felt that the Defendant committed the crime alleged but you determined that the Government had not proven its case beyond a reasonable doubt, how would you vote in that situation?
14. What if you are were the only juror left who felt that the government had not proven its case beyond a reasonable doubt, would you change your vote simply because of that circumstance?
15. Do you realize that the defendant does not have to testify?
16. Do you realize that if the defendant does not testify you cannot hold that against him?
17. If the defendant did not testify, would that suggest to you that he is probably hiding something or probably committed the crime?
18. Would you expect a person accused of a crime to testify and say that they did not do it?
19. What if the defendant did testify and during his testimony said that he did do some crimes but denies committing others, would you assume that because he admitted one or more crimes he must have done the others as well?
20. In that situation, where the defendant admits to committing some crime but denies committing others, would you feel that the defendant is untrustworthy simply because he admitted to committing crimes and assume therefore that he must have committed all crimes alleged against him?
21. Do you know anyone who has a substance abuse problem?
22. What involvement, if any, do you have in assisting that person with that problem?
23. How would that situation affect the way you view the defendant in this case where he is alleged to have committed a drug offense?
24. Do you know anyone who has been assaulted by a firearm?
25. How would that situation affect the way you view the defendant in this case where he is alleged to have possessed a firearm to further a drug crime?
26. If you had negative experiences and/or feelings regarding drugs and/or guns, do you feel that you could vote not guilty, if the government had not proven their case, or would those feeling impact your judgment in this case?
27. The defendant is Latino. Would the fact that he is Hispanic interfere in any way with your ability to be fair an impartial?
28. Do you believe that Hispanic males are more likely to be involved in criminal activity, specifically involving drugs and guns?
29. Do you have any prejudice or bias when it comes to Hispanic individuals in general that may interfere with your ability to be fair and impartial?
30. Would the fact that this case involves an Hispanic male, drugs and a firearm in anyway influence and/or interfere with your ability to be fair and impartial?

31. Do you believe that if a person admits that they sold drugs and possessed a firearm that the firearm they possessed must automatically be involved with the drug activity?

32. Do you feel that all drug dealers have firearms and that if they do possess one it can only be to assist in their drug activity?

Respectfully submitted<br>
The Defendant, Eddie Matos<br>
By his Attorney,<br>
<br>
/s/ Perman Glenn, III<br>
Perman Glenn, III<br>
Law Offices of Perman Glenn, III<br>
1163 Main Street<br>
Springfield, MA 01103<br>
(413) 734-9955<br>
BBO # 553724

Dated: June 6, 2007