**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **Criminal Action No. 05-30012** |
| | ) | |
| **LUIS ZAYAS  and** | ) | |
| **EDDIE MATOS** | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America by and through Assistant United States Attorney Thomas

E. Kanwit hereby submits , pursuant to Fed. R. Crim. P. 30, its request for jury instructions in

the above-captioned case.  The United States also requests leave to file additional instructions as

may become appropriate during the course of the trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

June 5, 2007                           By:  */s/ thomas e. kanwit*
                                               THOMAS E. KANWIT
                                               Assistant U.S. Attorney

# TABLE OF CONTENTS

**Preliminary Instructions**

DUTIES OF THE JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE . . . . . . . . . . . . . . . . . . . 2

EVIDENCE, OBJECTIONS, RULINGS & BENCH CONFERENCES . . . . . . . . . . . . . . . . . . 4

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONDUCT OF THE JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

OUTLINE OF THE TRIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

STIPULATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**Final Instructions**

DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW . . . . . . . . . . . . . . . . . . . . . . 13

PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT . . . . . . . 14

DEFENDANTS' CONSTITUTIONAL RIGHT NOT TO TESTIFY . . . . . . . . . . . . . . . . . . . 16

NO INFERENCE FROM ABSENT PERSON . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

DEFINITION OF KNOWINGLY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

INFERRING REQUIRED STATE OF MIND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES . . . . . . . . . . . . . . . . . . . . 20

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

WHAT IS NOT EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

EVIDENCE OF DEFENDANTS' PRIOR BAD ACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

LANGUAGE OF THE INDICTMENT: CONJUNCTIVE AND DISJUNCTIVE . . . . . . . . . . 26

COUNT 7 - POSSESSION OF A FIREARM IN FURTHERANCE OF
DRUG TRAFFICKING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

FOREPERSON'S ROLE; UNANIMITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

REACHING AGREEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

RETURN OF VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

COMMUNICATION WITH THE COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .34

# PRELIMINARY

# INSTRUCTIONS

**DUTIES OF THE JURY**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial I will give you more detailed instructions.  Those instructions will control your deliberations.  It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not.  The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.01 (1998).

## NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by Assistant United States Attorney Thomas E. Kanwit.  The defendant, Luis Zayas, is represented by Mark Mastroianni. Defendant, Eddie Matos, is represented by Perman Glenn.

Defendants have been charged by the government with a number of crimes, including possession with intent to distribute and distribution of cocaine base , aiding and abetting the distribution of cocaine base, possession with intent to distribute and distribution of marijuana, aiding and abetting the distribution of marijuana, conspiracy to commit these drug crimes and, for defendant ZAYAS, being a felon in possession of firearms.  Defendants have pleaded guilty to all of these charges.

Defendants are also charged, in Count Seven of the indictment, with Possession of a Firearm in Furtherance of a Drug Trafficking Crime.  This is the one charge which you will decide.  The charges against the defendants are contained in the Indictment.  The Indictment is simply a description of the charge against the defendants; it is not evidence of anything.  The defendants pleaded not guilty to the charge in Count Seven and deny committing that crime.  They are presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven its case against them beyond a reasonable doubt.

Remember, it is up to you, after you have heard all of the evidence and received my final instructions, to decide whether the government's charges have been proven beyond a reasonable doubt or not.

As to the charge, I will give you a detailed instruction on the law at the close of the case.  For

now, I am giving you a general overview only.

<u>First Circuit Pattern Jury Instructions</u> (Criminal) Inst. 1.02 (1998)

## EVIDENCE, OBJECTIONS, RULINGS & BENCH CONFERENCES

I have mentioned the word "evidence."  Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated -- that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence.  I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence.  Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection.  If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the

4

objection.

   (3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must

not be considered.

   (4) Anything you see or hear about this case outside the courtroom is not evidence, unless I

specifically tell you otherwise during the trial.

   Furthermore, a particular item of evidence is sometimes received for a limited purpose only.

That is, it can be used by you only for a particular purpose, and not for any other purpose. I will

tell you when that occurs and instruct you on the purposes for which the item can and cannot be

used.

   Finally, some of you may have heard the terms "direct evidence" and "circumstantial

evidence." Direct evidence is testimony by a witness about what that witness personally saw or

heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts

from which one can find or infer another fact. You may consider both direct and circumstantial

evidence. The law permits you to give equal weight to both, but it is for you to decide how

much weight to give to any evidence.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.05 (1998).

5

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.06 (1998).

6

## CONDUCT OF THE JURY

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

7

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.07 (1998).

## OUTLINE OF THE TRIAL

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the Indictment is not evidence, neither is the opening statement evidence. Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendants' attorneys may, if they choose, make an opening statement. At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charge against the defendants. The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits. In a moment I will say more about the nature of evidence.

After the government's evidence, the defendants' lawyers may present evidence in the defendants' behalf, but they are not required to do so. I remind you that the defendants are presumed innocent, and the government must prove the guilt of the defendants beyond a reasonable doubt. The defendants do not have to prove their innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments. I just told you that the opening statements by the lawyers are not evidence. The same applies to the closing arguments. They are not evidence either. In their closing arguments the lawyers for the government and the defendants will

9

attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions. Your deliberations will be secret. You will never have to explain your verdict to anyone.

First Circuit Pattern Jury Instructions (Criminal) Inst. 1.09 (1998).

**STIPULATIONS**

The evidence in this case includes facts to which the lawyers have agreed or stipulated.  A
stipulation means simply that the government and the defendants accept the truth of a particular
proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the
stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

First Circuit Pattern Jury Instructions (Criminal) Inst. 2.01 (1998).

11

# FINAL

# INSTRUCTIONS

**DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW**

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return -- that is a matter entirely for you to decide.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.01 (1998).

13

**PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt.  The presumption is not a mere formality.  It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendants. The defendants before you, Luis Zayas and Eddie Matos, have the benefit of that presumption throughout the trial, and you are not to convict them of the particular charge unless you are persuaded of their guilt beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that defendants are guilty of the crime with which they are charged beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; little in life can be proven to an absolute certainty.  Proof beyond a reasonable doubt is sufficient to convict.

It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.  This burden never shifts to the defendants.  The defendants have the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to a defendant's guilt of the charged crime, it is your duty to acquit him.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of a defendant's guilt, you should vote to convict him.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.02 (1998); 1 L. Sand et al., Modern Federal Jury Instructions: Criminal, ¶ 4.01, Instr. 4-2 (1998);  Victor v. Nebraska, 511 U.S.  1

14

(1994): <u>United States v. Cleveland,</u> 106 F.3d 1056, 1062 (1st Cir. 1997).

**DEFENDANTS' CONSTITUTIONAL RIGHT NOT TO TESTIFY**

Defendants Zayas and Matos have a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that either defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.03 (1998).

## NO INFERENCE FROM ABSENT PERSONS

You have heard testimony regarding other persons who may have been involved in the incidents which are charged in the indictment. Those persons are not before you as defendants. You may not draw any particular inferences from the fact of those persons' absence during the trial. That absence is not evidence. Individuals who may also have played a part in activity which the Government alleges was criminal may be absent from the trial of a separate defendants for many different reasons. You should not guess as to why this is the case in this trial.

Seventh Circuit Pattern Jury Instructions (Criminal) (2000) Inst. 2.13 (modified); United States v. Barrientos, 758 F.2d 1152, 1159-60 (7th Cir. 1985); United States v. Rapp, 871 F.2d 957, 967 (11th Cir. 1989).

17

## DEFINITION OF "KNOWINGLY"

The word "knowingly," as that term has been used from time to time in these instructions,

means that the act was done voluntarily and intentionally and not because of mistake or accident.

First Circuit Pattern Jury Instructions (Criminal) Inst. 2.13 (1998)**.**

## INFERRING REQUIRED MENTAL STATE

Ordinarily, there is no way that a defendants's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendants's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendants said, what the defendants did, how the defendants acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(Sixth Circuit) Pattern Criminal Jury Instructions Inst. 2.08 (2005).  See also Eighth Circuit Criminal Pattern Jury Instructions Inst. 7.05 (2003).

19

## DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.

In your role as jurors, there is an important power that you have and that you inevitably must exercise while considering and evaluating the evidence that has been presented during the course of this trial. That is the power to draw inferences.

There are two types of evidence which you may use to determine the facts of a case: direct evidence and circumstantial evidence. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.

An inference is a permissible deduction that you may make from evidence that you have accepted as believable. Drawing inferences is something you do every day. Inferences are little steps in reasoning, steps in which you take some known information, apply your experience in life to it, and then draw a conclusion.

Some inferences may be consistent with guilt, and some may be consistent with innocence. When an essential element of a crime has not been proven by direct evidence -- that is, by evidence of what somebody saw, or heard, or in some way perceived with one of the five senses -- when it has not been proven in that fashion, you must use your collective and general knowledge in determining whether that element has been established by inferences reasonably drawn from other facts in evidence. Any inference which you draw from such facts must be a

20

reasonable and natural one and not merely conjecture or guesswork.

You are entitled to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence. Circumstantial evidence alone may be sufficient to convict the defendants if it persuades you beyond a reasonable doubt that the defendants is guilty of the offenses alleged in the Indictment.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.04 and 3.05 (1998);
United States v. Clifford, 979 F.2d 896 (1st Cir. 1992);
United States v. Wight, 968 F.2d 1393, 1395 (1st Cir. 1992);
United States v. Batista-Polanco, 927 F.2d 14, 17 (1st Cir. 1992).

## CREDIBILITY OF WITNESSES

As the jury, you alone decide the weight, the effect, and the value of the evidence and the credibility, that is, the believability, of the witnesses. You do not have to accept the testimony of any witness if you find the witness not believable. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an event may simply see or hear it differently. Innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

First Circuit Pattern Jury Instructions (Criminal) Inst. 3.06 (1998);
1A Kevin F. O'Malley et al., Federal Jury Practice and Instructions, § 15.01 (5th ed. 2000).

## WHAT IS NOT EVIDENCE

Certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence because the lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5) The Indictment is not evidence.  This case, like most criminal cases, began with a charge, or an indictment.  You will have that Indictment before you in the course of your deliberations in the jury room.  That Indictment was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that this defendants has been indicted is no evidence whatsoever of his guilt.  The Indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court. The Indictment proves nothing.


First Circuit Pattern Jury Instructions (Criminal) Inst. 3.08 (1998).

23

**PUNISHMENT**

The question of possible punishment of a defendants is of no concern to the jury and cannot enter into or influence your deliberations.  The duty of imposing the sentence  rests exclusively upon this Court and is for the judge to decide.  Under your oaths as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendants, if they are convicted, to influence your verdict in any way or enter into your deliberations in any manner.  The jury should make its decision as to whether a defendants is guilty or not guilty on the basis of the evidence presented, and must not consider the possible punishment in any way in coming to that determination.

1 L. Sand et al., <u>Modern Federal Jury Instructions: </u>Criminal, ¶ 9.01, Instr. No. 9-1 (1999); Fifth <u>Circuit Pattern Jury Instructions</u> (Criminal) § 1.20 (1997);
1A Kevin F. O'Malley <u>et al.,</u> <u>Federal Jury Practice and Instructions</u> § 20.01 (5th ed. 2000).

## EVIDENCE OF DEFENDANTS' PRIOR ACTS

You have heard evidence that the defendants previously ?committed acts similar to those charged in this case such as other drug sales.  You may not use this evidence to infer that, because of their character, the defendants carried out the acts charged in this case.  You may consider this evidence only for the limited purpose of deciding:

(1)    Whether the defendants had the state of mind or intent necessary to commit the crime charged in the indictment; or

(2)    Whether the defendants had a motive or the opportunity to commit the acts charged in the indictment; or

(3)    Whether the defendants acted according to a plan or in preparation for commission of a crime.

Remember, this is the only purpose for which you may consider evidence of defendants' prior acts.  Even if you find that the defendants may have committed similar acts in the past, this is not to be considered as evidence of character to support an inference that the defendants committed the acts charged in this case.

Adapted from First Circuit Pattern Jury Instructions (Criminal), 2.05 (1998); Huddleston v. United States, 485 U.S. 681, 691-92 (1988); United States v. Randazzo, 80 F.3d 623, 630 (1st Cir. 1996); United States v. LaTorre, 922 F.2d 1, 8 (1st Cir. 1990).

**LANGUAGE OF THE INDICTMENT:**
**CONJUNCTIVE AND DISJUNCTIVE; "ON OR ABOUT"**

The Indictment frequently charges in the conjunctive using the word "and." The government need only prove in the disjunctive, as if the indictment said "or."

The Indictment also charges that the crimes alleged were committed "on or about" certain dates. The government does not have to prove that the crime happened on that exact date. But the government must prove that the crime happened reasonably close to that date.

United States v. McCann, 465 F.2d 147, 162 (5th Cir. 1972);
Fields v. United States, 408 F.2d 885, 887 (5th Cir. 1969).
(Sixth Circuit) Pattern Criminal Jury Instructions Inst. 2.04 (2005). See also Eleventh Circuit Criminal Pattern Jury Instructions Inst. 9.1 (2003).

## COUNT 7

### POSSESSION OF A FIREARM
### IN FURTHERANCE OF DRUG TRAFFICKING

**Count 7** of the Indictment charges:

On or about March 3, 2005, in Springfield, Massachusetts,

**Luis Zayas,**

**and**

**Eddie Matos,**

Defendants herein, did knowingly and intentionally, use and possess, the following firearms,

1.    Colt AR-15 Semiautomatic Assault Rifle (serial number SP308134)

2.    Phoenix Arms .25 Caliber Pistol (serial number 3174623)

3.    Taurus International .45 Caliber Pistol (serial number NUJ96968)

in furtherance of a drug trafficking crime, namely, (1) Possession with Intent to Distribute Cocaine Base, in violation of Title 21, United States Code, Section 841(a)(1) as set forth in Count One of this indictment; (2) Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine Base, in violation of Title 21, United States Code, Section 846**,** as set forth in Count Four of this indictment; and (3) Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana, in violation of Title 21, United States Code, Section 846**,** as set forth in Count Six of this indictment.

All in violation of Title 18, United States Code, Section 924(c)(1), and Title 18, United States Code, Section 2.

To show that a firearm was possessed in furtherance of a drug trafficking crime, the government must show a connection between the possession of the firearm and a drug trafficking

27

crime. It is not sufficient that a firearm was merely possessed by the defendants, and that the defendants also committed one or more drug trafficking crimes. The government must show that a firearm was possessed by the defendants to further, advance, or promote the commission of one or more drug trafficking crimes. The presence of a firearm and drugs in the same apartment, or the possession of a firearm by a person who also deals drugs, is one factor but it is not, in and of itself, a sufficient basis to support this element. You must consider all of the circumstances under which the firearm was found. You may consider the proximity of the firearm to drugs or drug proceeds, the quantity or value of any drugs found in proximity to the firearm, the type of drug activity that is being conducted, the accessibility of the firearm, the type of weapon, whether the firearm is stolen, whether its possession is legal or illegal, and whether it is loaded. In sum, the government must tie the defendants to the firearm and show that the firearm was possessed to further, advance, or promote criminal drug activity. However, it is not necessary that furthering, advancing, or promoting the criminal activity be the sole purpose of the possession of the firearm. The existence of a legitimate explanation for possession of the firearm does not prevent the government from establishing this element if you find beyond a reasonable doubt that the possession of the firearm also served the purpose of furthering, advancing, or promoting a drug trafficking crime.

You need not find that a defendant possessed each of the firearms in furtherance of each of the listed drug crimes. However, you must be unanimous as to which firearm was used in furtherance of a drug trafficking crime by which defendant. Of course, more than one firearm may have been used in furtherance of a drug trafficking crime or none of them may have been so used, and your determination may be different for each defendant.

28

18 U.S.C. §924(c)(1)(A); <u>United States v. Grace</u>, 367 F.3d 29, 35 (1st Cir. 2004); <u>United States v. Garner</u>, 338 F.3d 78, 81 (1st Cir. 2003); <u>United States v. Luciano</u>, 329 F.3d 1, 6 (1st Cir. 2003) (*citing* <u>United States v. Ceballos-Torres</u>, 218 F.3d 409, 415 (5th Cir. 2000)); <u>United States v. Roberson</u>, ___ F.3d ___, __, 2006 WL 2328586 (1st Cir. 2006); <u>United States v. Vazquez-Guadalupe</u>, 407 F.3d 492, 500, n.4 (1st Cir. 2005).

**FOREPERSON'S ROLE; UNANIMITY**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.01 (1998);

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.02 (1998);

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.03 (1998).

32

**RETURN OF VERDICT FORM**

I want to read to you now what is called the verdict form.  This is simply the written notice of the decision you will reach in this case.

 **[Read verdict form.]**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.04 (1998);

33

**COMMUNICATION WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

First Circuit Pattern Jury Instruction (Criminal) Inst. 6.05 (1998);

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a copy of the foregoing pleading on counsel for the defendants by CM/ECF on June 5, 2007.

<u>*/s/ thomas e. kanwit*</u>
Thomas E. Kanwit
Assistant U.S. Attorney