UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No.: 05-30012 |
| ) | |
| EDDIE MATOS ) | |
|     Defendant ) | |

## DEFENDANT'S OPPOSITION TO REQUIRED DETENTION

Now comes the defendant, Eddie Matos, by counsel to oppose detention pending sentencing for his conviction after a plea of guilty for Counts One, Two, Four, Five, and Six in the indictment for the above captioned matter. Under 18 U.S.C. § 3143(a)(2)(B) this Court has discretion to stay detention even after a guilty plea if it finds by clear and convincing evidence that Mr. Matos is not likely to flee or pose a danger to any other person or the community. The facts in this matter support just such a conclusion since such "findings are borne out by the fact that the Defendant was released on bond over the course of the proceedings in this matter (a period of several years), was permitted to leave the jurisdiction, and yet appeared at every scheduled court date and the sentencing." United States v. Price, 611 F. Supp. 502, 503 (D. Fla. 1985).

Mr. Matos has since his arrest complied fully with the conditions of his release for over two years. Mr. Matos has been monitored by Basil Cronin from Boston, (617)-748-4413. He has never missed a court date or an appointment with pre-trial services. Mr. Matos has passed each and every urinalysis he has been subjected to and has not missed any of these screenings. Furthermore, Judge Neiman has on several occasions modified

the conditions of Mr. Matos' release underscoring the reliability of the defendant to comply with these conditions.

Mr. Matos is the father of five small children and works full time to support them and their mother, his partner, Leslie Mendez. It would be a hardship on this family to lose such support before it becomes absolutely necessary. Mr. Matos' ties to this community are strong as evidenced in his commitment to his family and his employer. It is clear from the record that Mr. Matos has in no way re-involved himself with drug activity. He has committed himself to a life moral rectitude, leaving behind his involvement, albeit minimal, in matters outside the law.

Highlighting Mr. Matos' not posing a danger to the community are several factors including the fact that this is his first arrest or conviction for a drug crime. See, United States v. Dempsey, 1991 U.S. Dist. LEXIS 16876, *3 (D. La. 1991) listing among the factors that a defendant did not pose a danger to the community was that the conviction was his first. Other factors include his remaining drug free, his strong community ties and his ties to his family each detailed above. See, id.

Wherefore the Defendant respectfully requests this court to stay detention until sentencing. In the alternative the defendant request a hearing where evidence may be submitted and testimony heard verifying that Mr. Matos is not likely to flee or pose a danger to any other person or the community. See e.g. United States v. Majors, 932 F. Supp. 853, 857 (D. Tex. 1996) (citing Redeaux v. United States, 806 F. Supp. 626, 627 (E.D. Tex. 1992)) concluding "testimony that defendant has established roots in the community and that [his] home and family are present in the community 'may' suffice to carry burden on flight issue."

Respectfully submitted
The Defendant, Eddie Matos
By his Attorney,

/s/ Perman Glenn, III
Perman Glenn, III
Law Offices of Perman Glenn, III
1163 Main Street
Springfield, MA 01103
(413) 734-9955
BBO # 553724

Dated: June 11, 2007