UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
                             )
          v.                 )    Criminal No. 05-30012-NG
                             )
LUIS ZAYAS, and              )
EDDIE MATOS                  )
          Defendant          )

                     **UNITED STATES' MOTION FOR**
                 **<u>PRELIMINARY ORDER OF FORFEITURE</u>**

   The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to Title 21, United States Code, Section 853.  A proposed Preliminary Order of Forfeiture is submitted herewith.  In support thereof, the United States sets forth the following:

   1.   On March 24, 2005, a Grand Jury sitting in the District of Massachusetts returned an eight-count Indictment charging Luis Zayas (the "Defendant") with the following violations: Possession with Intent To Distribute Crack Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count One); Distribution of Crack Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts Two and Three); Conspiracy To Distribute and Possess with Intent To Distribute Cocaine, in violation of 21 U.S.C. § 846 (Count Four); Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Five); Conspiracy To Distribute and Possess with Intent To Distribute Marijuana, in violation of 21 U.S.C. § 846

(Count Six); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(a) (Count Seven); Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) (Count Eight).[1]

    2.   The Indictment sought the forfeiture, as a result of committing one or more of the offenses alleged in Counts One through Eight of the Indictment, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, pursuant to 21 U.S.C. § 853. Such property includes, but is not limited to, the following:

        (a)   $1,602.00 in United States currency; and

        (b)   one 2001 Chevrolet Silverado, bearing Vehicle Identification Number 1GCEK19V41E215437,

(collectively the "Property").

    3.   The Indictment further provided that, if the Property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been

---

[1] Luis Zayas was not charged in Count Two of the Indictment.

substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Property, pursuant to 21 U.S.C. § 853(p).

4. On June 11, 2007, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pleaded guilty to Counts One, Three through Six, and Eight of the Indictment. One June 14, 2007, after a jury trial, the Defendant was found not guilty on Count Seven of the Indictment. See Docket No. 145.

5. Based upon the Defendant's guilty plea, the United States has established the requisite nexus between the Property and the offenses to which the Defendant has pleaded guilty. Accordingly, the Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853.

6. As a result of the Defendant's guilty plea, and pursuant to 21 U.S.C. § 853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Property, or substitute assets in a value up to the value of the Property. See Rule 32.2(b)(2); 21 U.S.C. § 853(p); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999).

7.   Upon the issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in the Property and will publish notice in a newspaper of general circulation of the Court's Order and of the United States' intent to dispose of the Property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n).

WHEREFORE, the United States requests that this Court:

(a)   enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b)   include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(c)   incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,

/s/ Kristina E. Barclay
PAUL SMYTH
THOMAS E. KANWIT
KRISTINA E. BARCLAY
Assistant U.S. Attorneys
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210

Date: November 27, 2007       (617) 748-3100

**CERTIFICATE OF SERVICE**

    I, Kristina E. Barclay, Assistant U.S. Attorney, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                          <u>/s/ Kristina E. Barclay</u>
                                          Kristina E. Barclay
                                          Assistant U.S. Attorney

Dated: November 27, 2007

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
                             )
            v.               )   Criminal No. 05-30012-NG
                             )
LUIS ZAYAS, and              )
EDDIE MATOS                  )
            Defendant        )
```

**PRELIMINARY ORDER OF FORFEITURE**

**GERTNER, D.J.**

WHEREAS, on March 24, 2005, a Grand Jury sitting in the District of Massachusetts returned an eight-count Indictment charging Luis Zayas (the "Defendant") with the following violations: Possession with Intent To Distribute Crack Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count One); Distribution of Crack Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts Two and Three); Conspiracy To Distribute and Possess with Intent To Distribute Cocaine, in violation of 21 U.S.C. § 846 (Count Four); Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Five); Conspiracy To Distribute and Possess with Intent To Distribute Marijuana, in violation of 21 U.S.C. § 846 (Count Six); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(a) (Count Seven); Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) (Count Eight);

WHEREAS, the Indictment sought the forfeiture, as a result of committing one or more of the offenses alleged in Counts One through Eight of the Indictment, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, pursuant to 21 U.S.C. § 853, including without limitation,

    (a)  $1,602.00 in United States currency; and

    (b)  one 2001 Chevrolet Silverado, bearing Vehicle Identification Number 1GCEK19V41E215437,

(collectively the "Property");

WHEREAS, the Indictment further provided that, if the Property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Property, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on June 11, 2007, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pleaded

guilty to Counts One, Three through Six, and Eight of the Indictment; and

WHEREAS, as a result of the Defendant's guilty plea, and pursuant to 21 U.S.C. § 853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Property, or substitute assets, in a value up to the value of the Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's guilty plea, that the government has established the requisite nexus between the Property and the offenses to which the Defendant pleaded guilty.  Accordingly, all of the Defendant's interests in the Property are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853(a) and (p).

2. If the Property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek

forfeiture of any other property of the Defendant, up to the value of the Property, pursuant to 21 U.S.C. § 853(p).

3. The United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") shall seize and hold the Property in its secure custody and control.

4. Upon the issuance of this Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853, the ATF will publish at least once for three successive weeks in a newspaper of general circulation notice of this Preliminary Order, notice of the United States' intent to dispose of the Property in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Property that is the subject of

the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

    5.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

                                                                      _____  
                                                                      NANCY GERTNER  
                                                                       United States District Judge  
Dated: _____